IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST ALTMANN,                    )
                                   )
            Plaintiff,             )    2:09-cv-02361-GEB-KJN
                                   )
       v.                          )    ORDER GRANTING DEFENDANTS'
                                   )    MOTIONS TO DISMISS AND DENYING
INDYMAC FEDERAL BANK; GREEN TREE   )    MOTION TO EXPUNGE LIS PENDENS*
SERVICING, LLC; NATIONAL CITY      )
MORTGAGE, A DIVISION OF NATIONAL   )
CITY BANK; FIRST BANK dba FIRST    )
BANK MORTGAGE; QUALITY LOAN        )
SERVICE CORP.; BANK OF AMERICA;    )
MORTGAGE ELECTRONIC REGISTRATION   )
SYSTEMS, INC.; GEORGE ROJAS,       )
                                   )
            Defendants.            )
                                   )

        Defendants Mortgage Electronic Systems, Inc. ("MERS") and

Green Tree Servicing, LLC ("Green Tree") have each filed a motion

under Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 9(b) to

dismiss the claims brought against them in Plaintiff's First Amended

Complaint ("FAC").  (Docket Nos. 17 and 22.)  MERS also filed a motion

to expunge an unrecorded lis pendens on the property at issue in this

---

        *    This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

case, which concerns Plaintiff's mortgage loan.  (Docket No. 18.)
Plaintiff filed a late opposition to MERS's motion to dismiss, but did
not file an opposition to either MERS's motion to expunge lis pendens
or Green Tree's motion to dismiss.  For the reasons stated below, each
Defendants' motion to dismiss is GRANTED and the motion to expunge is
DENIED.

## I.  LEGAL STANDARD

A Rule 12(b)(6) motion "challenges a complaint's compliance
with . . . pleading requirements."  Champlaie v. BAC Home Loans
Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D.
Cal. Oct. 22, 2009).  A pleading must contain "a short and plain
statement of the claim showing that the pleader is entitled to relief
. . . ."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the
defendant fair notice of what the [plaintiff's] claim is and the
grounds upon which relief rests . . . ."  Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers
labels and conclusions or a formulaic recitation of the elements of a
cause of action will not do.  Nor does a complaint suffice if it
tenders naked assertions devoid of further factual enhancement."
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough
facts to state a claim to relief that is plausible on its face."
Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct
alleged."  Iqbal, 129 S. Ct. at 1949.  Plausibility, however, requires
more than "a sheer possibility that a defendant has acted unlawfully."
Id.  "When a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.

## II.   FACTUAL ALLEGATIONS AND PLAINTIFF'S CLAIMS

In July 2006, Plaintiff Ernest Altmann sought to refinance his residential property located at 6161 Cherokee Road, Stockton, in San Joaquin County, California (the "Property"). (FAC ¶¶ 7, 29.) Plaintiff met with Remien Mortgage Family, Inc. loan officers Robert Remien ("Remien") and George Rojas ("Rojas"), who informed Plaintiff they could get him the "best deal" and the "best interest rates" available on the market. (Id. ¶ 30.) Plaintiff requested a 30-year fixed rate loan with additional "cash" for home improvements. (Id. ¶ 32.) Plaintiff alleges he qualified as a "prime" borrower but that Rojas and Remien classified Plaintiff as "sub-prime" and failed to "disclose other loan program options." (Id. ¶ 31.) Rojas and Remien told Plaintiff the only loan available was an adjustable rate loan, which had a "teaser rate of 1% and carried a prepayment penalty." (Id. ¶ 32.) Rojas and Remien sold Plaintiff a "pick-a-pay" loan for $1,000,000 with an adjustable interest rate of 7%, which would adjust to "almost 10%." (Id.) The loan included an option to pay at a 1% rate, an option that would "negatively amortiz[e the] loan." (FAC ¶ 33.) "Plaintiff was not told of the negative amortizing." (Id.)

3

1    "Immediately following the closing of the loan" Rojas and
2    Remien told Plaintiff they had "goofed" the loan and had been unable
3    to obtain "cash" for home improvements.  (Id. ¶ 34.)  They told
4    Plaintiff he "would have to again refinance."  (Id.)  "Three weeks
5    later," Rojas and Remien sold Plaintiff two additional loans, the
6    first for $1,000,000 and the second for $125,000.  (Id. ¶ 35.)
7    Plaintiff alleges Rojas and Remien "received commissions and yield
8    spread premiums of over $50,000 for the three transactions combined."
9    (Id.)  Rojas and Remien informed Plaintiff that if the loan ever
10   became unaffordable, they would refinance the loan.  (FAC ¶ 39.)

11   "At the time of this loan, Plaintiff owned a construction
12   company and made approximately $8,500 per month."  (Id. ¶ 36.)
13   Plaintiff alleges Rojas and Remien stated his monthly income as
14   $35,000 on the first loan application and $30,000 per month on the
15   second loan application.  (Id.)  Plaintiff alleges the "combined
16   payments were over $5,600[] per month."  (Id. ¶ 37.)

17   Plaintiff was not given a copy of the loan documents prior
18   to closing as required, and at the time of closing, Plaintiff was
19   rushed to sign the documents.  (Id. ¶ 41.)  The loan documents were
20   never explained to Plaintiff, Plaintiff was never given an opportunity
21   to review them, and Plaintiff never received the required copies of
22   the notice of cancellation.  (Id.)

23   Defendant Quality Loan Service Corporation ("Quality Loan")
24   filed a Notice of Default on February 12, 2009, in San Joaquin County,
25   California.  (FAC ¶ 48.)  Quality Loan noticed the Trustee Sale of the
26   Property on July 21, 2009.  (Id. ¶ 49.)  Plaintiff sent a Qualified
27   Written Request ("QWR") to Indymac Federal Bank ("Indymac") and Green
28   Tree under the Real Estate Settlement Procedures Act ("RESPA") on

April 7, 2009, in which Plaintiff demanded rescission of the loan under the Truth in Lending Act ("TILA").  (FAC ¶ 50.)  Neither party has "properly respond[ed]" to the QWR.  (Id. ¶ 50.)

Plaintiff alleges the following five claims against Green Tree: (1) violation of the California Rosenthal Act, Cal. Civil Code §§ 1788 et seq.; (2) negligence; (3) violation of RESPA, 12 U.S.C. §§ 2601, et seq.; (4) fraud; and (5) violation of the California Business and Professions Code, Cal. Civ. Code §§ 17200.  Plaintiff alleges the following three claims against MERS: (1) negligence; (2) fraud; and (3) violation of the California Business and Professions Code, Cal. Civ. Code §§ 17200.

### III.  DISCUSSION

### A.  Plaintiff's Rosenthal Act Claim

Green Tree seeks dismissal of Plaintiff's claim for violation of the California Rosenthal Act, arguing the FAC "does not allege any facts beyond simply mimicking the statutory language, violating Federal Rule of Civil Procedure 8(a)."  (Green Tree Mot. to Dismiss ("Mot.") 9:24-27.

The Rosenthal Act serves to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006) (citing Cal. Civ. Code § 1788.1) (emphasis omitted).

Plaintiff alleges "Defendants Indymac and Green Tree" violated the Rosenthal Act by "sending deceptive letters and making phone calls . . . demanding payment."  (FAC ¶ 85.)  Plaintiff also alleges these defendants "made false reports to credit agencies about

Plaintiff's credit standing, falsely stat[ed] that a debt was owed, and falsely state[ed] Plaintiff's payment history." (<u>Id.</u> ¶ 86.) Plaintiff further alleges these defendants "increased the amount of Plaintiff's mortgage debts by stating amounts not permitted by law or contract, including but not limited to, excessive service fees, attorneys' fees, and late charges." (<u>Id.</u> ¶ 87.)

Plaintiff's allegations, however, "are too vague to give rise to any inference that a specific defendant has violated" the Rosenthal Act. <u>Arikat</u>, 430 F. Supp. 2d at 1027 (dismissing as too vague, Rosenthal Act claim that alleged all violations against all defendants without specifying each defendant's individual conduct). Plaintiff does not allege what specific conduct was committed by either Indymac or Green Tree; nor does Plaintiff allege which entity serviced which loan. Plaintiff's complaint is also deficient since it fails to allege which sections of the Rosenthal Act Green Tree violated. <u>See</u> <u>Blanco v. Am. Home Mortg. Servicing, Inc.</u>, No. CIV 2:09-578 WBS DAD, 2009 WL 4674904, at *4 (E.D. Cal. Dec. 4, 2009) (dismissing claim under Rosenthal Act, in part, for failing to identify the provisions of the statute allegedly violated). Therefore, Plaintiff's Rosenthal Act claim against Green Tree is dismissed.

**B.   Plaintiff's Negligence Claim**

Green Tree argues Plaintiff's negligence claim should be dismissed since Plaintiff failed to plead any facts establishing that Green Tree owed Plaintiff a duty of care which could give rise to a negligence claim. (Mot. 7:10-8:21.) MERS also argues Plaintiff has failed to plead facts establishing that MERS owed Plaintiff a duty of care. (MERS's Mot. to Dismiss ("MERS Mot.") 6:24-9:27.) Plaintiff

responds to MERS's motion only, arguing "[a] general duty not to harm another is owed to everyone." (Opp'n 14:7-8.)

"The elements of a cause of action for negligence are: the defendant had a duty to use due care, . . . he or she breached that duty, and . . . the breach was the proximate or legal cause of the [plaintiffs'] resulting injur[ies]." Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004). "[T]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another . . . . Whether this essential prerequisite has been satisfied in a particular case is a question of law." Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1192, 1196-97 (9th Cir. 2001) (quotations and citations omitted) (applying California law).

"Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstances . . . ." Resolution Trust Corp. v. BVS Dev., Inc., 42 F.3d 1206, 1214 (9th Cir. 1994) (citing Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991)). "Special circumstances" giving rise to a duty of care may exist when the "lender actively participates in the financed enterprise beyond the domain of the usual money lender." Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). This rule also applies to loan servicers. Azzini v. Countrywide Home Loans, No. 09-cv-787 DMS (CAB), 2009 WL 5218042, at *2 (S.D. Cal. Dec. 29, 2009); Shepherd v. Am. Home Mortg. Services, Inc., No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009).

Plaintiff alleges that MERS was the beneficiary and nominee for the lender and the lender's successor and assigns. (FAC ¶ 46.) Plaintiff also alleges:

> MERS owed Plaintiff a duty to perform its administrative function recording, maintaining and transferring documents as it relates to Plaintiff's loan under [the first Deed of Trust ("DOT1")] in a manner not to cause Plaintiff harm. Defendant MERS breached its duty to Plaintiff when it failed to receive, maintain or transfer the negotiable instrument related to Plaintiff's loan under DOT1, communicated false information to others regarding Plaintiff's loan, and authorized others to collect payments on Plaintiff's mortgage and commence foreclosure proceedings.

(Id. ¶ 97.) However, Plaintiff has failed to plead that "MERS, as nominee of the lender," owed Plaintiff a duty of care since "Plaintiff has not plead[ed] any action beyond the domain of a usual money lender which would create such a duty." Sorenson v. Countrywide Home Loans, Inc., No. 2:09-cv-01943-MCE-KJM, 2010 WL 308794, at *5 (E.D. Cal. Jan. 12, 2010) (dismissing negligence claim against MERS for failure to allege a duty of care MERS owed to Plaintiff); see also Webb v. Indymac Bank Home Loan Servicing, No. CIV 2:09-2380 WBS DAD, 2010 WL 121084, at *3 (E.D. Cal. Jan. 7, 2010) (dismissing identical allegations against MERS for failing to cite "authority for the proposition that MERS owed a duty to not cause plaintiff harm in its capacity [as] the nominal beneficiary for the loan"); Pok v. American Home Mortg. Servicing, Inc., No. CIV 2:09-2385 WBS EFB 2010 WL 476674, at *4 (E.D. Cal. Feb. 3, 2010) (dismissing identical allegations against MERS and holding that "[a]s the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party."). Therefore, MERS's motion to dismiss Plaintiff's negligence claim is granted.

Plaintiff does not specifically allege what role Green Tree had in the loan transaction; however, it appears Plaintiff alleges Green Tree serviced one of Plaintiff's loans. Plaintiff alleges:

> Defendants Indymac [and] Green Tree owed Plaintiff
> a duty of care.  Defendants Indymac and Green Tree
> breached their duty of care to the Plaintiff when
> they took payments to which they were not entitled,
> charged fees they were not entitled to charge, and
> wrongfully made or otherwise authorized negative
> reporting of Plaintiff's creditworthiness to
> various credit bureaus.  Additionally, Indymac and
> Green Tree had a statutory duty to Plaintiff to
> properly respond to Plaintiff's Qualified Written
> Request pursuant to 12 U.S.C. § 2605(e), and to
> give Plaintiff notice of the transfer of the
> servicing rights to their loan pursuant to 12
> U.S.C. § 2605(c).

(FAC ¶ 95.)  However, Plaintiff's negligence claim against Green Tree fails because he has not alleged any conduct by Green Tree outside the scope of its conventional role as a loan servicer.  See Pok, 2010 WL 476674, at *4 (dismissing identical allegations and holding "loan servicers do not owe a duty to the borrowers of the loan they service").  Plaintiff, therefore, has not pled facts demonstrating that Green Tree owed him a duty of care.  See Azzini, 2009 WL 5218042, at *2 (dismissing negligence claim against loan servicer).  Further, Plaintiff has not alleged which conduct was allegedly committed by each loan servicer, and Green Tree "should not be forced to guess how their conduct was allegedly negligent".  Webb, 2010 WL 121084, at *3. Therefore, Green Tree's motion to dismiss Plaintiff's negligence claim is granted.

**C.   Plaintiff's RESPA Claim**

Green Tree seeks dismissal of Plaintiff's RESPA claim, arguing Plaintiff has "failed to adequately allege damages for any supposed violation of the statute."  (Mot. 10:9-10.)

Plaintiff alleges that Green Tree violated various requirements imposed by section 2605 of RESPA.  Specifically, Plaintiff pleads while he "is not certain at this time exactly which

of Defendants was actually the servicer of [his] [l]oans at any given time . . . [p]ursuant to 12 U.S.C. §§ 2605(b) and 2605(c), . . . Green Tree had a statutory obligation to notify Plaintiff, within 15 days, of the assignment, sale, or transfer of the servicing rights to Plaintiff's loans." (FAC ¶ 102.)  Plaintiff also alleges that Green Tree "failed to provide Plaintiff notice of the assignment, sale, or transfer of servicing rights to Plaintiff's [l]oans." (Id.) Plaintiff further alleges "Indymac and Green Tree" violated section 2605(e)(2)-(3). (Id. 104, 106-108.)

Section 2605(f) imposes liability on loan servicers for actual and statutory damages for failure to comply with section 2605. 12 U.S.C. § 2605(f).  Specifically, section 2605(f) provides:

> Whoever fails to comply with any provision of [section 2605] shall be liable to the borrower for each such failure to the following amounts . . . . In the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

12 U.S.C. § 2605(f)(1)(A),(B).

Plaintiff does not allege Green Tree engaged in a "pattern or practice of noncompliance" and therefore has not stated a claim for statutory damages. See Lal v. Am. Home Servicing, Inc., No. 2:09-cv-01585 MCE-DAD, --- F. Supp. 2d ----, 2010 WL 225524, at *4 (E.D. Cal. Jan. 19, 2010) (stating that "[t]o recover statutory damages, Plaintiffs must plead some pattern or practice of noncompliance with RESPA.").  Further, while section 2605(f)(1)(A) "does not explicitly make a showing of damages part of the pleading standard, a number of courts have read the statute as requiring a showing of pecuniary

damages in order to state a claim [for actual damages under section
2605 of RESPA]." Pok, 2010 WL 476674, at *5 (quoting Allen v. United
Fin. Mortg. Corp., 2009 WL 2984170, at *5 (N.D. Cal. Sept. 15, 2009)).
"[A]lleging a breach of RESPA duties alone does not state a claim
under RESPA.  Plaintiff must, at a minimum, also allege that the
breach resulted in actual damages."  Id. (quoting and citing
Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J.
2006)); see also Lal, 2010 WL 225524 at *4 (finding that a plaintiff
alleging a RESPA claim under section 2605 must allege a loss related
to the RESPA violation); Allen, 660 F. Supp. 2d at 1097 (requiring
plaintiff to allege pecuniary loss to state a RESPA claim for actual
damages); Singh v. Washington Mut. Bank, No. C-09-2771 MMC, 2009 WL
2588885, at *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim since
"plaintiffs have failed to allege they suffered any actual damages as
a result" of defendants' alleged RESPA violation).  This pleading
requirement, however, is interpreted liberally.  Yulaeva v. Greenpoint
Mortg. Funding, Inc., No. CIV S-09-1504 LKK/KJM, 2009 WL 2880393, at
*15 (E.D. Cal. Sept. 3, 2009).  Nonetheless, "the loss alleged must be
related to the RESPA violation itself."  Lal, 2010 WL 225524, at *4.
Further, "simply having to file suit [does not suffice] as a harm
warranting actual damages.  If such were the case, every RESPA suit
would inherently have a claim for damages built in."  Id.

        Plaintiff merely alleges that as a result of Green Tree's
alleged RESPA violations, "[he] has suffered and continues to suffer
damages and costs of suit."  (FAC ¶ 109.)  "Even under a liberal
pleading standard for harm, this level of generality fails." Pok,
2010 WL 476674, at *5 (finding same allegation of harm insufficient to
state a section 2605 claim for actual damages); see also Lal, 2010 WL

Case 2:09-cv-02361-GEB-KJN   Document 44   Filed 05/10/10   Page 12 of 15

225524, at *4 (stating that "simply having to file suit [does not]
suffice" to state a section 2605 claim for actual damages).
Accordingly, Green Tree's motion to dismiss Plaintiff's RESPA claim is
granted.

**D.   Plaintiff's Fraud Claim**

Both Green Tree and MERS argue Plaintiff's fraud claims
should be dismissed because Plaintiff's FAC fails to comply with the
heightened pleading standard required by Rule 9(b).  Plaintiff
counters MERS's motion, arguing that he has satisfied Rule 9(b)'s
requirements.

Under California law, the elements of a fraud claim are: (1)
misrepresentation (including, false representation, concealment, or
nondisclosure); (2) knowledge of falsity; (3) intent to induce
reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar
v. Superior Court, 12 Cal. 4th 631, 638 (1996).  A claim for fraud in
federal court, however, must satisfy Rule 9(b)'s particularity
requirements.  See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th
Cir. 2003).  "A pleading is sufficient under Rule 9(b) if it
identifies the circumstances constituting fraud so that the defendant
can prepare an adequate answer from the allegations.  The complaint
must specify such facts as the times, dates, places, benefits
received, and other details of the alleged fraudulent activity."
Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993)(quotations
and citations omitted).

Plaintiff alleges "Green Tree misrepresented to Plaintiff
that Indymac and Green Tree ha[ve] the right to collect monies from
Plaintiff on their behalf or on behalf of others when Defendants

1  Indymac and Green Tree had no legal right to collect such monies."

2  (FAC 125.)  Plaintiff further alleges:

3              MERS misrepresented to Plaintiff on the DOT1 that
             it is a qualified beneficiary with the ability to
4            assign or transfer the DOT1 and/or the Note and/or
             substitute trustees under the DOT1.  Further, . . .
5            MERS misrepresented that it followed the applicable
             legal requirements to transfer the Note and DOT1 to
6            subsequent beneficiaries.

7  (FAC ¶ 126.)

8          Plaintiff's fraud claims clearly fail to satisfy the

9  requirements of Rule 9(b).  Although Plaintiff alleges Defendants

10 Rojas and Remien made false representations at the inception of

11 Plaintiff's loan transactions, Plaintiff fails to adequately allege

12 how the moving defendants are responsible for those alleged

13 misrepresentations.  Further, Plaintiff's allegations do not include

14 the time, date, place, or benefits resulting from the moving

15 defendants' allegedly fraudulent activity.  Since Plaintiff's fraud

16 claims against Green Tree and MERS fail to satisfy Rule 9(b), they are

17 dismissed.

18 **E.   Plaintiff's UCL Claim**

19         Lastly, both Green Tree and MERS argue Plaintiff's claim

20 under California Business & Professions Code § 17200 *et seq.* (the

21 "UCL") should be dismissed.  Green Tree argues this claim is deficient

22 since it is premised upon Plaintiff's other claims, none of which

23 state a viable claim.  (Mot. 12:17-26.)  MERS argues Plaintiff's UCL

24 claim is vague and conclusory and does not give MERS fair notice of

25 the basis upon which it is being sued.  (MERS Mot. 14:11-28.)

26 Plaintiff counters MERS's motion only, arguing that his UCL claim is

27 sufficient since he has alleged "multiple violations . . . of specific

28 statutory and common law provisions . . . ."  (Opp'n 21:20-22.)

The UCL "prohibits specific practices which the legislature has determined constitute unfair trade practices." <u>Cal-Tech Commc'ns. Inc. v. L.A. Cellular Tel. Co.</u>, 20 Cal. 4th 163, 179 (1999) (quotations and citations omitted).  "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." <u>Farmers Ins. Exch. v. Superior Court</u>, 2 Cal. 4th 377, 383 (1992) (quotations and citations omitted).  "A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." <u>Khoury v. Maly's of California, Inc.</u>, 14 Cal. App. 4th 612, 619 (1993).

Plaintiff alleges "Green Tree's violation of the Rosenthal Act, RESPA, its negligence, fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices."  (FAC ¶ 137.)  Plaintiff also alleges "MERS['s] negligence, fraud, and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices."  (<u>Id.</u> ¶ 139.)  Further, Plaintiff alleges "[a]s a result of Defendants' wrongful conduct, Plaintiff has suffered various injuries according to proof at trial." (<u>Id.</u> ¶ 142.)

Plaintiff's UCL claims against Green Tree and MERS are deficient.  First, Plaintiff's claim is vague and conclusory and he fails to allege supporting facts.  Plaintiff has not identified a specific practice of either Defendant that he contends is "unfair" or "fraudulent."  Plaintiff's allegations, therefore, lack the "reasonable particularity" that is required to state a claim under the

UCL.  Second, Plaintiff's UCL claim is entirely premised upon the other claims he alleges in his complaint, all of which fall to state a claim.  Since none of his other claims are viable, by necessity, his UCL claim must also fail.  Therefore, Plaintiff's UCL claims against Green Tree and MERS are dismissed.

## IV.  MOTION TO EXPUNGE LIS PENDENS

MERS seeks to have expunged "an unrecorded copy of a Notice of Pendency of Action" which Plaintiff "served by mail on One West Bank, the current servicer of the first loan alleged by Plaintiff." (Mot. to Expunge 1:4-6.)  However, since MERS cites no authority supporting its arguments that this *unrecorded* lis pendens can be expunged, MERS's motion to expunge is denied.  Accordingly, MERS's motion to expunge is denied.

## V.  CONCLUSION

For the stated reasons, Green Tree and MERS's motions to dismiss are GRANTED and Plaintiff's FAC is DISMISSED.  Plaintiff, however, is granted leave to amend the dismissed claims provided that an amended complaint is filed within fourteen (14) days of the date on which this order is filed.  Further, MERS's motion to expunge is DENIED.

Dated:  May 7, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge