IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ERNEST ALTMANN,              )
                             )
          Plaintiff,         )   2:09-cv-02361-GEB-GGH
                             )
     v.                      )   ORDER
                             )
ONEWEST BANK, F.S.B., et al.,)
                             )
          Defendants.        )
_____)
```

Since this action is just comprised of state claims, the Court decides whether to continue exercising supplemental jurisdiction. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, sua sponte decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) after all federal claims have been dismissed). Plaintiff complaint was dismissed with leave to amend and Plaintiff filed his second amended complaint filed on May 25, 2010. Plaintiff states in his second amended complaint: all "federal claims have been removed from Plaintiff's Second Amended Complaint;" and, "in the absence of either federal question or diversity basis for jurisdiction, Plaintiff is

unable to assert the requisite . . . jurisdiction . . . over this matter." ((Second Amended Complaint ¶¶ 1, 2.)

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" when "all claims over which it has original jurisdiction" have been dismissed. This decision should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996). Acri, 114 F.3d at 1001.

Comity weighs in favor of discontinuing the exercise of supplemental jurisdiction since state courts have the primary responsibility for developing and applying state law. Id. (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims). Further, none of the other Gibbs factors favor the exercise supplemental jurisdiction over Plaintiff's state claims. Therefore, Plaintiff's state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3), and this action shall be closed.

Dated: June 4, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge